NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

DUSAN BABIC,                                    )
                                               )
               Appellant,                      )
                                               )
v.                                             )          Case No. 2D18-1681
                                               )
STATE OF FLORIDA,                              )
                                               )
               Appellee.                       )
                                               )
_____)

Opinion filed June 21, 2019.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for
Pinellas County; Nancy Moate Ley,
Judge.

Brett McIntosh and Kevin M. Griffith of
Brett D. McIntosh, P.A., Sarasota, for
Appellant.

PER CURIAM.

          Dusan Babic appeals a final order summarily denying his motion for

postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850.  Mr.

Babic retained private counsel to file a motion for postconviction relief, which was timely

filed on December 3, 2013, raising two claims of ineffective assistance of counsel.  On

December 12, 2013, the court entered an order finding that the claims were facially

insufficient and striking the motion without prejudice, giving Mr. Babic sixty days to file an amended motion.  See Fla. R. Crim. P. 3.850(e); Spera v. State, 971 So. 2d 754, 761 (Fla. 2007).  No amended motion was filed, and the postconviction court entered a final order on February 21, 2014, denying the motion for postconviction relief.

Mr. Babic learned in October 2017 that his claims had been denied for facial insufficiency, not on the merits, and that no appeal had been filed by his attorney. Mr. Babic sought and was granted a belated appeal.  He alleges that his opportunity to amend his claims for relief, and possibly add new claims, was foreclosed by his attorney's failure to file an amended motion and failure to inform Mr. Babic of the need to do so.  He argues that the final order denying his claims for relief should be reversed and that he should be permitted to file an amended motion for postconviction relief.

Mr. Babic's postconviction counsel filed an affidavit with this court acknowledging that he did not review the December 12, 2013, order with Mr. Babic and that he did not file an amended motion.  He states that Mr. Babic should be allowed to file an amended motion for postconviction relief, and the State does not object to this result.

Under the unique factual circumstances of this case, we agree.  We therefore reverse the final order denying the motion for postconviction relief and remand with directions that the trial court provide Mr. Babic sixty days to amend his motion pursuant to rule 3.850, which is to relate back to December 12, 2013, the date of the order striking Mr. Babic's motion for postconviction relief.

Reversed and remanded with instructions.


CASANUEVA, SILBERMAN, and MORRIS, JJ., Concur.